**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 DEFINED CONTRIBUTION PENSION TRUST FOR SOUTHERN NEVADA, et al., <br><br> Plaintiffs, <br> vs. <br><br> G&J FLOORING, INC., et al., <br><br> Defendants. | Case No.: 2:11-cv-00818-GMN-PAL <br><br> **ORDER** |

**INTRODUCTION**

Before the Court is Defendants G&J Flooring, Inc., Christopher L. Jones, and Jose A. Gomez's Motion to Set Aside Default (ECF No. 9). Plaintiffs Trustees of the Bricklayers & Allied Craftworkers Local 13 Defined Contribution Pension Trust for Southern Nevada, et al. filed a Response (ECF No. 10) and Defendants filed a Reply (ECF No. 11).

**FACTS AND BACKGROUND**

Plaintiffs filed the present suit on May 19, 2011 claiming breach of contract, breach of fiduciary duty and misappropriation of trust assets related to Defendants' failure to pay benefit contributions and to submit to an audit of Defendant G&J Flooring's payroll and related records as provided by collective bargaining agreements and related trust agreements. (Compl., ECF No.1.) Defendants G&J Flooring and Christopher L. Jones were served with the summons and complaint on May 20, 2011. (Cert. of Service, Ex. 1; ECF No. 5, 5–1.) Defendant Jose A. Gomez was served with the summons and complaint on May 21, 2011. (Cert. of Service, Ex. 2, ECF No. 5–2.) When Defendants did not file an Answer, Plaintiffs filed a Motion for Entry of Clerk's Default on June 14, 2011. (ECF No. 6.) Clerk's Entry of Default was entered on June

15, 2011. (ECF No. 7.) Defendants filed the instant motion to set aside entry of default on June 28, 2011. (ECF No. 9.)

## DISCUSSION

**A.     Legal Standard**

Under Fed. R. of Civ. P. 55(c) the court may set aside an entry of default for good cause. The court looks at three factors to determine if there is "good cause" to lift the entry of default: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether reopening the default judgment would prejudice plaintiff. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691 (9th Cir. 2001) (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). "[T]he party seeking to vacate a default judgment bears the burden of demonstrating that these factors favor vacating the judgment." *Id.* (citing *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988).

The three *Falk* factors are disjunctive, which means a motion to set aside default or vacate default judgment may be denied based on any one of the factors not weighing in favor of the default party. *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000); *see also*, *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987) (Where default judgment is entered as a result of a defendant's culpable conduct, a Court does not need to consider whether meritorious defense was shown or whether the plaintiff would suffer prejudice if the judgment were set aside.).

The Court finds that Defendants have failed to demonstrate that they have a meritorious defense. "To justify vacating [a] default judgment, [the defendant] ha[s] to present the district court with specific facts that would constitute a defense." *Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926–27 (9th Cir. 2004). While Defendants have listed several affirmative defenses in their proposed answer, they do not list any specific facts to support the defenses.

Defendants argue that their defenses "may be somewhat broadly stated" but that "is only because Plaintiffs' substantive claims of breach of contract, breach of fiduciary duty, and misappropriation are based entirely on 'information and belief' allegations." (Reply 4:11–13, ECF No. 11.) However, a review of the complaint shows that Plaintiffs allege specific facts regarding a Labor Agreement and related Trust Agreements that obligated Defendants to pay contributions, complete contribution reports, maintain adequate records and permit Trusts to conduct audits of G&J Flooring payroll and related records. Plaintiffs allege that Defendants did not abide by the terms of the agreements and allege that they did not pay contributions and did not permit an audit of their records. These facts are enough to satisfy the Rule 8 pleading requirements. Defendants on the other hand provide no facts to support their asserted defenses.

While the burden is not high, Defendants have still failed to demonstrate that they have a meritorious defense. Accordingly, Defendants' motion to set aside default is denied.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants G&J Flooring, Inc., Christopher L. Jones, and Jose A. Gomez's Motion to Set Aside Default (ECF No. 9) is **DENIED**.

**DATED** this 14th day of October, 2011.

_____
Gloria M. Navarro
United States District Judge